MARY MALONEY, as Administratrix of the Estate of EDWARD R. MALONEY, Deceased, Respondent, *v.* HEARST HOTELS CORPORATION, Appellant.

Argued March 18, 1937; decided April 27, 1937.

*Wallace T. Stock, James Carroll* and *Manheim Rosenzweig* for appellant. The alleged failure of appellant to comply with sections 200 and 201 of article 15 of chapter 10 of the New York City Code of Ordinances constitutes neither negligence nor any evidence of negligence, and it was reversible error to permit the jury to give consideration to these ordinance sections (*McGaffin* v. *City of Cohoes,* 74 N. Y. 387; *Dean* v. *Metropolitan Elevated R. Co.,* 119 N. Y. 541; *People* v. *Shakun,* 251 N. Y. 107; *Williams* v. *Firemen's Fund Ins. Co.,* 54 N. Y. 569; *O' Neil* v. *Buffalo Fire Ins. Co.,* 3 N. Y. 122; *Matter of Monument Garage Corp.* v. *Levy,* 266 N ˙Y. 339; *Walsh* v. *Woolworth Co.,* 180 App. Div. 120; *Matter of Roberto* v. *Schmadeke,* 180 App. Div. 143; *Dugan* v. *McArdle, Inc.,* 184 App. Div. 570; *Lee* v. *Vacuum Oil Co.,* 54 Hun, 156.) If there was ordinance violation it bore no causal relation to the death of plaintiff's intestate. (*Schumer* v. *Caplin,* 241 N. Y. 346; *Callahan* v. *Terminal Cab Corp.,* 259 N. Y. 112; *Newhall* v. *McCann,* 267 N. Y. 394; *Brown* v. *Shyne,* 242 N. Y. 176; *Chrystal* v. *Troy*

& *Boston R. R. Co.,* 124 N. Y. 519.) Neither ordinance was adopted for the purpose of protecting firemen. (*City of Rochester* v. *Campbell,* 123 N. Y. 405; *Heeney* v. *Sprague,* 11 R. I. 456; *Swift* v. *City of New York,* 270 N. Y. 152; *Racine* v. *Morris,* 201 N. Y. 240.)

*John C. Robinson, Morris A. Wainger, William A. Hyman* and *Alexander J. Simmons* for respondent. Defendant violated the ordinances of the city of New York in keeping, storing and using the paints and explosives in the subcellar. (*Matter of Stubbe* v. *Adamson,* 220 N. Y. 459; *Racine* v. *Morris,* 201 N. Y. 240; *Ward* v. *Hasbrouck,* 169 N. Y. 407; *Ostrander* v. *Hart,* 130 N. Y. 406.) Where there is a violation of city ordinances, to the benefits of which a fireman is entitled, a recovery by the fireman is authorized. (*Gibson* v. *Leonard,* 143 Ill. 182; *Woodruff* v. *Bowen,* 136 Ind. 431; *Willy* v. *Mulledy,* 78 N. Y. 310; *Hamilton* v. *Minn. Desk Mfg. Co.,* 78 Minn. 3; *New Omaha T. H. El. Co.* v. *Anderson,* 73 Neb. 84; *Kelly* v. *Muhs Co.,* 71 N. J. L. 358; *Beehler* v. *Daniels,* 19 R. I. 49; *Carlock* v. *Westchester Lighting Co.,* 268 N. Y. 345; *Racine* v. *Morris,* 201 N. Y. 240; *Ryan* v. *Thomson,* 6 Jones & Spencer, 133; *Newhall* v. *McCann,* 267 N. Y. 394; *Hyland* v. *Cobb,* 252 N. Y. 325; *Martin* v. *Herzog,* 228 N. Y. 164; *Amberg* v. *Kinley,* 214 N. Y. 531; *Cameron* v. *Kenyon-Connell Commercial Co.,* 22 Mont. 312.) The ordinances applied to appellant and its conduct and the painting materials were " stored " in the general storeroom and paint room. (*Matter of Stubbe* v. *Adamson,* 220 N. Y. 459; *Racine* v. *Morris,* 201 N. Y. 240; *City of New York* v. *Globe Neon Tube Corp.,* 147 Misc. Rep. 515; *Wright* v. *Northwestern Ry. Co.,* 27 Ill. App. 200; *Bandosz* v. *Daigger & Co.,* 255 Ill. App. 494; *Perry* v. *Rochester Lime Co.,* 219 N. Y. 60.) There was causal relation between the violation of section 200 of the Code of Ordinances and the explosion, and no factors intervened or superseded so as to break the causal relation. (*Carlock* v. *Westchester Lighting Co.,* 268 N. Y.

345; *Horning* v. *Hudson River Tel. Co.*, 111 App. Div. 122; 186 N. Y. 552; *Prussak* v. *Hutton*, 30 App. Div. 66; *Willson* v. *Colorado Ry. Co.*, 57 Col. 303; *Pinson* v. *Young*, 100 Kan. 452; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 235 App. Div. 756; 260 N. Y. 604; *International Mercantile Marine Co.* v. *Fels*, 164 Fed. Rep. 337; *Leahey* v. *Standard Oil Co. of New York*, 224 Mass. 352.) Firemen are included among the persons for whose protection the ordinances were enacted. (*Racine* v. *Morris*, 201 N. Y. 240; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345; *Bandosz* v. *Daigger & Co.*, 255 Ill. App. 494; *Parker* v. *Bernard*, 135 Mass. 116.)

*Per Curiam.* In the subcellar of the Ritz Tower Hotel, two stories below the street, the defendant had maintained for years a general storeroom including a paint room and paint shop wherein were kept or stored large quantities of paints, lacquers, benzine, gasoline, turpentine, alcohol and other highly volatile and explosive liquids. Defendant operated a painting establishment there with eight painters and a foreman. The storeroom lacked efficient ventilation. The quantity of these paints exceeded a hundred gallons.

On August 1, 1932, a fire broke out in the subcellar, which the New York Fire Department was summoned to extinguish. In entering the subcellar from which smoke was being emitted, the plaintiff's intestate, Edward R. Maloney, a fireman, with others was killed by an explosion of these paints or chemical compounds. Whatever was the immediate cause of the accident, it is conceded that it would not have happened if the paints had not been stored in the subcellar or if there had been sufficient and proper equipment and ventilation for such purpose. Sections 200 and 201 of article 15 of chapter 10 of the Code of Ordinances of the City of New York provide as follows:

" § 200. Permit. No person shall manufacture, store or keep for sale paints, varnishes or lacquers or any other

substances, mixtures and compounds commonly used for painting, varnishing, staining or other similar purposes, in quantities greater than 20 gallons, without a permit.

" § 201. Restrictions. No permit for the manufacture, mixing or compounding of paints, varnishes or lacquers shall be issued for any premises * * *.

" (b) Which are occupied as a tenement house, dwelling, hotel, workshop or factory; * * *."

The defendant had failed to observe these ordinances and from this failure arises the liability which has been enforced in this case. We are not called upon at this time to decide whether in the absence of such ordinances or rules and regulations an owner of property owes the same duty to a fireman as he would to an invitee to keep his premises in reasonably safe and secure condition. *Meiers* v. *Koch Brewery* (229 N. Y. 10) does not necessarily go this far. We may reserve the question, however, for further consideration as we have in this case a direct violation of ordinances which were enacted for the benefit of firemen as well as guests in the hotels; at least firemen entering into the premises had a right to assume that the law in this particular had been complied with. (*Racine* v. *Morris*, 201 N. Y. 240; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345.)

We do not give to these sections of the Code of Ordinances the narrow construction desired by the appellant. They were intended to prevent the mixing or compounding of paints, varnishes or lacquer in premises occupied as hotels such as here in question, and in the quantities and amounts used by the defendant. This does not mean that the ordinary painter may not mix his paints while performing his painting job in a tenement house or hotel, but it seeks the safety of occupants by preventing the storing or keeping of more than twenty gallons of paint without a permit, and the mixing or compounding of paints in connection therewith. The storing required a permit. Conditions of safety might be required before

such a permit could be issued. In this case proper ventilation no doubt would have been directed before paints could be kept in a room in the subcellar. No permit, however, could be issued for the mixing of paints in this hotel in connection with keeping large quantities of combustibles not for immediate use.

Section 761 of the Greater New York Charter (Laws of 1901, ch. 466) was not relied upon in the courts below nor any question raised regarding it. Whether this limits recovery by a fireman to cases of willful and culpable negligence or criminal intent and design is not now before us. This court will not pass upon issues not raised below and mentioned for the first time in this court for the purpose of reversing the judgment. (*People ex rel. Rutland R. R. Co.* v. *State Tax Commission*, 243 N. Y. 543; *Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345; *People* v. *Bresler*, 218 N. Y. 567, and *Caponigri* v. *Altieri*, 165 N. Y. 255.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.