MARINA FONTANA and others, Respondents, v. VILLAGE OF
FONTANA-ON-GENEVA LAKE, Appellant.

*No. 19 (1974). Argued September 2, 1975.—Decided September
30, 1975.*
(Also reported in 233 N. W. 2d 349.)

For the appellant there were briefs by *Philip B. Morrissy* and *Morrissy, Morrissy & Race,* all of Elkhorn, and oral argument by *Philip B. Morrissy.*

For the respondents there was a brief by *Lehman & Seymour,* and oral argument by *Robert F. Lehman,* all of Elkhorn.

CONNOR T. HANSEN, J. The complaint alleges that on or about May 1, 1972, upon reassessment by the assessor

for the village, the assessed valuation of plaintiffs' property was increased from $4,373,820 to $6,572,300, thus raising the assessed valuation of plaintiffs' property in the amount of $2,198,480. The plaintiffs seek to recover from the village $62,533.22, plus interest, in taxes paid as a result of such alleged excessive and illegal increase in the assessed valuation of its property. It is further alleged that no notice of the increased assessment was given by the village to the plaintiffs as required by sec. 70.365, Stats., which provides:

"70.365 **Notice of higher assessment.** When the assessor places a valuation of any taxable real property which is $100 or more higher than the valuation placed on it for the previous year he shall notify the person assessed if the address of such person is known to the assessor, otherwise the occupant of such property. Such notice shall be in writing and shall be sent by ordinary mail at least 10 days before the meeting of the board of review and shall contain the amount of the increased assessment and the date of the meeting of the local board of review. However, if the assessment roll is not complete, such notice shall be sent by ordinary mail at least 10 days prior to the date to which the board of review has adjourned. The assessor shall attach to the assessment roll a statement that the notices required by this section have been mailed and failure to receive such notice shall in no way affect the validity of the increased assessment, the resulting increased tax on real property, the procedures of the board of review or the enforcement of delinquent taxes by statutory means. This section shall not apply to any municipality in any year in which a general reassessment or percentage increase is made in the assessment of the whole or any class of real property in such municipality."

Plaintiffs further alleged that the assessment roll for 1972 was completed prior to the adjournment of the village board of review, that failure to give notice of the increased valuation denied plaintiffs the right to appear before the board to protest the allegedly excessive valua-

tion, and that no notice of the increased valuation was received until plaintiffs received their tax bill for 1972, sometime early in January of 1973. Plaintiffs alleged that they paid the assessed tax under protest on or before the 10th day of January, and that they then filed a claim with the village for a refund of the allegedly illegally assessed portion of the tax on or about January 15, 1973. When the village failed to take action on the claim within ninety days, this action was commenced.

We consider the issues presented on this appeal to be:

1. Does failure to give the notice of increased valuation required by sec. 70.365, Stats., constitute a waiver by the village of the plaintiffs' obligation to file an objection to the tax under sec. 70.47 (7) (a), and present their case for determination to the local board of review?

2. In an action under sec. 74.73, Stats., to recover taxes paid as the result of an alleged excessive increase in assessed value, must the complaint plead reliance on one of the alternative provisions of sec. 74.74, providing for reassessment of plaintiffs' property?

*Failure to give notice.*

For the purpose of examining a complaint challenged by demurrer, facts stated therein are assumed to be true and the complaint must be construed liberally in determining whether the facts are sufficient to state a cause of action. *Volk v. McCormick* (1969), 41 Wis. 2d 654, 165 N. W. 2d 185. The village contends that the complaint is defective for failure to allege that plaintiffs complied with the provisions of sec. 70.47 (7) (a), Stats. That section provides:

"(7) OBJECTIONS TO VALUATIONS. (a) Objections to the amount or valuation of property shall first be made in writing and filed with the clerk of the board of review prior to adjournment of public hearings by the board. If the board is in session 5 days, including its first meeting

and any adjourned meetings, all objections shall be filed within such time unless failure to file within such time is waived by the board upon a showing of good cause for such failure. The board may require such objections to be submitted on forms approved by the department of revenue. No person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all of his property liable to assessment in such district and the value thereof. The requirement that it be in writing may be waived by express action of the board."

The village places strong reliance on the determination of this court in *Pelican Amusement Co. v. Pelican* (1961), 13 Wis. 2d 585, 109 N. W. 2d 82. However, sec. 70.365, Stats., was enacted in 1963, and, therefore, subsequent to *Pelican.* We are of the opinion that sec. 70.365 modifies the holding of this court in *Pelican.*

In the *Pelican Case,* as here, plaintiff objected to an increase in the assessed valuation of its real property. Plaintiff there, as here, paid the increased tax under protest and filed a written claim for the excess amount. The town disallowed the claim and plaintiff commenced an action under sec. 74.73 (4), Stats., to recover the tax, alleging it to be "unlawful and excessive." Sec. 74.73 (4), provides:

"No claim shall be filed and no action shall be brought under this section which is based upon an allegedly excessive assessment except that in counties with a population of under 500,000 a claim may be filed and an action may be brought if the tax is paid on *the contested assessment* by January 10th of the year following the year of the assessment and a claim filed within 10 days thereafter and suit commenced within 30 days following the denial of the claim or within 90 days after the claim is filed if the municipalities fail to act on the claim." (Emphasis added.)

Defendant, in *Pelican*, asserted a plea in bar, contending that the town board of review had convened and requested plaintiff's appearance but that plaintiff had not appeared. Plaintiff's action was alleged to be premature because of his failure to exhaust the administrative procedure provided by sec. 70.47, Stats., for contested claims.

The court in *Pelican* held that a taxpayer claiming an excessive assessment because of the amount of valuation of property, *and properly presenting his case to the board of review,* has an election to appeal from the board's determination by certiorari under sec. 70.47 (9a), Stats.,[1] or to commence an action to recover the illegal tax under the provisions of sec. 74.73 (1).[2] However, where the assessment is not brought first before the board of review

---

[1] 70.47 (9a) "APPEAL. Except as provided in s. 70.85, appeal from the determination of the board of review shall be by writ of certiorari to the circuit court and shall be placed at the head of the circuit court calendar for an early hearing. No such writ shall issue unless the petition therefor is made to the circuit court within 90 days after the board shall have adjourned sine die."

[2] 74.73 "Recovery of illegal taxes plus interest; limitation. (1) Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the town, city or village, which collected such tax in the manner prescribed by law for filing claims in other cases. If it appears that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of illegal taxes have been complied with, the town board, village board or common council may allow and the town, city or village treasurer shall pay such person the amount of the claim found to be illegal and excessive. If any town, city or village fails or refuses to allow the claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected, together with interest at the legal rate computed from the date of filing the claim. Every such claim shall be filed, and every action to recover any money so paid shall be brought, within one year after such payment."

as provided in sec. 70.47 (7) (a), no action may be maintained under sec. 74.73. The court held that the language "contested assessment" in sec. 74.73 (4), refers to the assessment contested before the board of review.

We are of the opinion that a reasonable construction of sec. 70.365, Stats., is that it waives the taxpayers' obligation to proceed before the board of review under sec. 70.47 (7). The village suggests that this construction would, in effect, emasculate the board of review procedural requirement. We are unable to reach this conclusion.

There appears to be nothing in the legislative history of sec. 70.365, Stats., that is helpful in determining the legislative intent in its enactment. However, this court stated in *Pelican Amusement Co. v. Pelican, supra,* page 593:

"These two sections have different purposes and are not necessarily inconsistent, but in any event must be construed together. As stated in *State ex rel. Mattek v. Nimtz* (1931), 204 Wis. 311, 314, 236 N. W. 125, 'In construing several sections of the statutes relating to a single subject it is the duty of the court to give force and effect to the different sections and not ignore any of them.' In *Brunette v. Bierke* (1955), 271 Wis. 190, 196, 72 N. W. (2d) 702, we state, 'In interpreting these statutes we must, if it is possible to do so, harmonize and reconcile them.' "

The explicit language of sec. 70.365, Stats., places the burden upon the municipality to notify property owners when assessed valuation of taxable real property is "$100 or more higher than the valuation placed on it for the previous year . . . ." The statute sets forth a procedure whereby the municipality can establish that such a notice was, in fact, given. It also exempts the municipality from the giving of such a notice ". . . in any year in which a general reassessment or percentage increase is made in the assessment of the whole or any class of real property in such municipality."

Prior to the enactment of sec. 70.365, Stats., it appears the municipality had no obligation to notify a property owner of an increase in the assessed property value. The language of that section now specifically places the responsibility upon the municipality to notify the property owner of reassessment in those instances therein specified.

We conclude that the failure of the village to give the plaintiffs notice of reassessment as required by sec. 70.365, Stats., effectively waived the plaintiffs' obligation to proceed under the board of review requirements of sec. 70.47 (7) (a). We believe that to hold otherwise would give no effect or meaning to the notice requirement of sec. 70.365.

The result is that where the municipality gives notice of reassessment as provided in sec. 70.365, Stats., the board of review procedures under sec. 70.47 (7) (a) are a prerequisite to commencing suit to recover illegal or excessive taxes under sec. 74.73. However, failure to give such notice waives that requirement. In such an event, sec. 74.74, sets forth alternative methods or procedures for the trial court to permit reassessment by the municipality upon a finding that the assessment in question is void.

The village also contends that sec. 70.555, Stats., should apply to render failure to comply with the notice requirements of sec. 70.365 of no effect. Sec. 70.555, provides:

"**Provisions directory.** The directions herein given for the assessing of lands and personal property and levying and collecting taxes shall be deemed directory only, and no error or informality in the proceedings of any of the officers intrusted with the same, not affecting the substantial justice of the tax, shall vitiate or in anywise affect the validity of such tax or assessment."

The village argues that, under sec. 70.555, the mandate of sec. 70.365 is "directory" only, that the validity of the tax is not affected by failure to give notice, and that

the plaintiffs are not relieved of their obligation to comply with sec. 70.47 (7) (a), as a prerequisite to suit under sec. 74.73.

Sec. 70.555, Stats., provides only that failure to follow directions relating to the assessment, levy and collection of taxes shall not vitiate or in anywise "affect the validity of such tax or assessment." Such requirements are "directory" only insofar as failure to comply with them is relied upon to invalidate the tax in question. Plaintiffs here do not contend that failure to give notice under sec. 70.365 renders the increased valuation and subsequent tax invalid. Determination of the validity of the tax itself must await trial. The broad application which the village suggests for sec. 70.555 would render sec. 70.365 a nullity.

*Pleading the provisions of sec. 74.74, Stats.*

Defendant contends that the complaint is defective in that it fails to notify the village of which of the two alternatives for reassessment of taxes outlined in sec. 74.74, Stats., is relied on by plaintiffs. That section provides:

"**Reassessment of plaintiff's taxes.** (1) In any action for the recovery of any money paid as and for taxes levied either upon real or personal property, or both, if upon the trial it shall appear that the assessment upon which the taxes were so paid is void, the court, before entering judgment, shall continue the action for a sufficient time to permit a reassessment of the property affected by such void assessment, and such reassessment shall thereupon be made in accordance with the provisions of law. If from such reassessment when so made it shall appear that the sum or sums paid for taxes by the plaintiff are no greater than his equitable and just share of the taxes as so reassessed, judgment shall be entered for the defendant; and if from such reassessment it shall appear that the plaintiff has paid more than his equal and just share of the taxes judgment shall be entered in his favor for the excess only over such share. The validity of the reassessment herein provided for may be attacked

and determined, and subsequent reassessments may be had as provided by section 75.54; provided, that such reassessment shall in all cases be made by the assessor of the assessment district wherein the property to be reassessed is situated.

"(2) If however, in any such action now pending or which may be begun hereafter the evidence enables the court to determine, with reasonable certainty, the amount of taxes which were justly chargeable against the lands involved in the action, the court, in its discretion, may proceed to judgment without staying proceedings or ordering a reassessment, if it finds that it is for the best interests of all parties to the action that it should do so."

We are of the opinion that in the event the trial court finds the assessment void, the responsibility of determining whether to proceed with reassessment under sec. 74.74 (1) or (2), Stats., lies with the trial court, and not the plaintiffs. Hence, once an assessment is found to be void, the selection of the alternative procedures for reassessment under sec. 74.74 are within the province of the trial court and, therefore, not a part of the plaintiffs' cause of action under sec. 74.73.

*By the Court.*—Order affirmed.

BEILFUSS, J., took no part.