337 So.2d 572 (1976)
Samuel D. THOMPSON, husband of/and Joan Degeorge
v.
WAREHOUSE CORPORATION OF AMERICA, INC., et al.
No. 7452.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1976.
*573 Donald F. Deboisblanc, New Orleans, for plaintiff-appellant.
Francis G. Weller, Russell L. Dornier (Deutsch, Kerrigan & Stiles, New Orleans), for defendants-appellees.
Before REDMANN, GULOTTA and STOULIG, JJ.
REDMANN, Judge.
A firefighter appeals from a summary judgment dismissing his action against a cotton warehouseman for injuries (including an acute myocardial infarction) sustained in fighting a fire in the warehouse.
The warehouse sprinkler system was partially inoperative because of closed valves that should have been open. The question is whether defendant is responsible for injuries resulting to a firefighter from its negligence in not having the valves open. We hold that negligent maintenance of a sprinkler system, which may result in a fire's burning more fiercely or with denser smoke or otherwise more dangerously, is not a breach of dutyfault within La.C.C. 2315towards the firefighters who may come to fight the fire.
Plaintiff correctly argues that a firefighter is not without remedy for any risk whatsoever; see Langlois v. Allied Chemical Corp., 1971, 258 La. 1067, 249 So.2d 133. But we are unable to distinguish negligent sprinkler maintenance from ordinary negligence which might contribute to the start of the fire. We deem it unreasonable to hold that an owner owes it to firefighters not to let his building catch fire. To the contrary: it is the firefighters' duty to the property owners (and neighbors) to save them from their negligence. In the absence of proof of personal negligence so gross as to be tantamount to arson or to trap-setting by the owner, we cannot hold a building owner liable to firefighters for negligence causing or worsening fire which caused the firefighters' injury.
Affirmed.