CLARK and wife, Respondents, v. CORBY, and others, Appellants.

*No. 75–149. Argued November 3, 1976.—Decided January 18, 1977.*
(Also reported in 249 N. W. 2d 567.)

For the appellants there was a brief by *Alvin A. Stack* and *Simarski, Goodrich, Brennan & Stack,* and oral argument by *Alvin A. Stack,* all of Milwaukee.

For the respondents there was a brief by *Gregory B. Conway* and *Cohen, Grant, Liebmann & Company, Ltd.,* and oral argument by *Gregory B. Conway,* all of Green Bay.

ROBERT W. HANSEN, J.    In their brief, defendants-appellants phrase the issues raised on appeal as follows:

1. Whether the complaint of a fireman, plaintiff-respondent, alleging negligence against a sixteen-year-old boy for starting a fire and then failing to warn states facts sufficient to constitute a cause of action against appellants.

2. Whether the complaint of a fireman, plaintiff-respondent, alleging negligence because of a violation of a building code by the owners of the land states facts sufficient to constitute a cause of action against the owners of the land.

In their brief on appeal, plaintiffs-respondents see a single issue raised: Whether the complaint, under any view of the facts alleged, states a cause of action. We see the two issues raised, but note that the first of the two involves both (1) negligence in starting a fire, and (2) a failure to warn. So we will discuss in turn a claim of breach of duty owed in (1) negligently starting a fire, (2) failing to warn of hazards present, and (3) violating a building code provision.

## (1) STARTING THE FIRE.

As a first cause of action against defendant Patrick Corby only, the plaintiffs' complaint alleges that Patrick's "negligence and carelessness . . . was the substantial factor in causing the fire and a substantial factor in causing the resultant injuries." Thus, plaintiffs seek to recover for the negligence of Patrick Corby in starting the fire.

However, that claim of negligence is negatived by the holding of this court in *Hass v. Chicago & North Western Ry. Co.*[1] In that case it was held that a fire fighter could not recover ". . . against a tort-feasor whose only negligence is in starting a fire and failing to curtail its spread."[2] The decision to bar such fire fighter from recovery against one who negligently starts a fire was based on public policy grounds.[3]

It is true that plaintiffs in their first cause of action allege that Patrick Corby was negligent per se in pouring

---

[1] 48 Wis.2d 321, 179 N.W.2d 885 (1970).

[2] *Id.* at 327, 179 N.W.2d at 888.

[3] *Id.* at 327, 179 N.W.2d at 888, this court holding: "To make one who negligently starts a fire respond in damages to a fire-fighter who is injured is likely to place too great a burden on homeowners, and other occupiers of real estate. To use the phrase of *Colla v. Mandella,* . . . the imposition of liability would permit the law of negligence to 'enter a field that has no sensible or just stopping point.' " Quoting *Colla v. Mandella,* 1 Wis.2d 594, 599, 85 N.W.2d 345, 348 (1957).

gasoline into a sanitary sewer contrary to state and local plumbing codes. But negligence was not the decisive factor in *Hass*[4]—public policy considerations were. Even assuming negligence, we relied on those policy considerations in denying recovery to a fire fighter against one who has negligently started a fire. It follows that, as to plaintiffs' first cause of action only, the demurrer of defendants should have been sustained. It does not state a cause of action.

### (2) *DUTY TO WARN.*

As a second cause of action, also asserted against defendant Patrick Corby, plaintiffs claim a breach of a duty to warn the fire fighters on the scene of conditions in the basement constituting "a trap and a snare as to fire fighter Gene Clark and were hidden dangers." *Hass* did not reach the question whether or not there exists such duty of landowner or occupier to warn firemen called to a fire of special hazards, stating:

"We do not herein decide the obligation of a landowner to a firefighter for conditions of the premises which aggravate the hazard, nor do we discuss possible liability that may arise under circumstances where a landowner fails to warn firefighters of special hazards known to him but unknown to the firefighter. Such determination must abide an appeal which presents facts that are totally absent in the instant case."[5]

What was not before the court in *Hass* is before us now. Is there a duty on the part of a landowner or occupier to warn a fire fighter "of special hazards known to him but unknown to the firefighter?" In answering that question, we need not discuss whether or not a fireman responding to an alarm is an invitee or

---

[4] *Id.* at 327, 179 N.W.2d at 888, this court observing: "Almost all fires are occasioned by negligence. Certainly a large proportion of home and industrial fires are occasioned by the negligence of members of the family or of management and its employees."

[5] *Id.* at 325, 179 N.W.2d at 887.

licensee on the premises. That distinction has been abolished in this state.[6]

We must now determine and define the duty owèd by a landowner to a fire fighter injured on the premises fighting a fire, due to the presence of special hazards. We have examined decisions in other jurisdictions as to what duty, if any, is owed to a fire fighter on the premises to fight a fire. We find such decisions not in agreement on rationale or result. However we note that even those decisions stressing the expertise of trained firemen in knowing and being able to evaluate dangers presented often make exception for the hidden hazard known to the landowner and not known to the fire fighter. The Kentucky case, quoted extensively in appellants' brief, states fire fighters are equally cognizant of and better able to evaluate unpredictable dangers involved "[e]xcept for unusual hazards known to the property owner or occupant but unknown to him. . . ."[7] We have located and examined cases where courts have con-

---

[6] *Antoniewicz v. Reszczynski*, 70 Wis.2d 836, 236 N.W.2d 1 (1975). It should be noted the injuries in the instant case occurred on December 31, 1973, and the complaint in this action was filed on October 7, 1974. This action is prior to the mandate in *Antoniewicz* making the applicable standard that of ordinary negligence as to injuries occurring after December 10, 1975. *Id.* at 858. That is, the duty to warn of unusual hazards in a case such as the present one would then be an element of ordinary negligence. Notwithstanding the above, the result we reach in the instant case would be the same before or after the *Antoniewicz* effective date. *See also: Hass v. Chicago & North Western Ry. Co., supra,* at 323, 179 N.W.2d at 886, 887, this court stating: "We are not obliged, therefore, in this case to grapple with the subtle distinctions in respect to a landowner's duty to licensees, invitees, and those, like firefighters, whom some courts hold are *sui generis* by reason of their obligation to enter onto land without invitation. The firefighter, volunteer or paid, falls into the limbo of the latter category."

[7] *Buren v. Midwest Industries, Inc.,* 380 S.W.2d 96, 99 (1964 Ky.).

cluded ". . . that firemen are entitled to a warning of unusual hazards."[8]

■ ■ We find the modern trend and the better rule to be that owners and occupiers of land owe a duty to firemen to warn them of hidden perils, where the owner or occupant knows of the peril and has the opportunity to give warning of it. Accordingly, we hold there is in Wisconsin a duty on the part of a property owner or occupier to warn a fire fighter of hidden hazards known to the owner but not known to the fireman. We make clear that to trigger this duty to warn there must coexist the following four prongs: (1) A hidden hazard—a concealed danger that foreseeably created an unreasonable risk to others; (2) which hidden hazard or danger is known to the landowner; (3) which hidden hazard or danger is not known and not observable by the fire fighter; and (4) existence of a clear opportunity for the landowner to give warning of the hidden hazard. Testing plaintiffs' second cause of action against this fourfold requirement, we find that it sufficiently alleges the four elements. We thus sustain the trial court's overruling of demurrer to such second cause of action.

While public policy considerations are involved, as they were in *Hass*, we do not find them requiring us to expose fire fighters on the scene to the added risk of encountering hidden hazards, known to the landowner and not known to the fire fighter where there was an opportunity presented for such landowner to warn the fire fighter of such hidden hazard.

[8] Citing in support of duty to warn: *Shypulski v. Waldorf Paper Products Co.*, 232 Minn. 349, 45 N.W.2d 549 (1951); *Dini v. Naiditch*, 20 Ill.2d 406, 170 N.E.2d 881 (1960); *Maloney v. Hearst Hotels Corp.*, 274 N.Y. 106, 8 N.E.2d 296 (1937); *Netherton v. Arends*, 81 Ill. App.2d 391, 225 N.E.2d 143 (1967). *See also: Aravanis v. Eisenberg*, 237 Md. 242, 206 A.2d 148 (1965); *James v. Cities Serv. Oil Co.*, 66 Ohio App. 87, 31 N.E.2d 872, aff'd 140 Ohio St. 314, 43 N.E.2d 276 (1939). *Cf., Mounsey v. Ellard*, 363 Mass. 693, 297 N.E.2d 43 (1973) (duty owed to policeman).

**(3)** *VIOLATION OF CODE.*

As a third cause of action, plaintiffs allege failure to warn and breach of a duty owed by defendants Robert and Lorraine Corby by reason of an alleged violation of a safety ordinance by them. The complaint alleges that sec. 31.07 of the Green Bay municipal housing code requires an opening for escape in basement bedrooms ". . . which opening should have led directly to the outside, and which opening should have been equal to 10% of the floor space in said room, but in any case not smaller than 12 square feet."

The complaint alleges these two defendants were negligent per se because: they built a basement bedroom without securing a building permit therefor, the basement bedroom was constructed without opening to the outside, and there were violations of the local plumbing code. Plaintiffs further allege that defendants' failure to comply with these code requirements ". . . was a substantial factor in causing fire fighter Eugene D. Clark, to become trapped in the basement . . . and a substantial factor in causing [his] injuries."

This claim of breach of duty owed requires that the ordinances allegedly violated have been enacted to protect a fire fighter in the performance of his fire fighting duties. In this state the protection of a safety statute or ordinance is extended only to those whom the enactment was intended to protect.[9] Even where it is conceded that the statute or ordinance is a safety requirement, the

---

[9] *Schroeder v. Northern States Power Co.,* 46 Wis.2d 637, 646, 176 N.W.2d 336, 340 (1970), this court holding: "While this court has frequently found that the violation of a safety ordinance is negligence per se, we have consistently avoided a broad construction of these statutes and have declined to extend the legislative ambit of protection afforded by them unless the legislature's intention so to do was clear." *See: Burke v. Milwaukee & Suburban Transport Corp.,* 39 Wis.2d 682, 690, 159 N.W.2d 700, 704 (1968). *See also: Weiss v. Holman,* 58 Wis.2d 608, 617, 207 N.W.2d 660, 664 (1973).

question that must be decided is whether "the purpose of the ordinance was to protect the party seeking to invoke it."[10]

Plaintiffs claim violation of the housing code provision constitutes negligence per se by the two defendants. Thus, plaintiffs must establish that the housing code provision was intended to protect a fireman entering a basement bedroom to fight a fire. At demurrer stage, with the ordinance only summarized and not set forth in the complaint, we feel we ought not here and now seek to determine whether the ordinance was intended to protect fire fighters entering such basement bedrooms while fighting fires. We rule that the purpose of the ordinance can more properly be construed by this court on the basis of a record made at trial, ". . . where appropriate motions are made and instructions requested that will trigger the exercise of the trial court's decision on the question as it may apply to a particular case."[11]

▮ Nonetheless, if it can be shown at trial that firemen are within the scope of protection of the ordinances allegedly violated, then a cause of action for recovery will be stated. In *Dini v. Naiditch, supra,* 20 Ill2d at 417, 418, 170 N.E.2d at 886, the Illinois Supreme Court "recognized the rule that the violation of a statute or ordinance designed for the protection of human life or property is *prima facie* evidence of negligence, and that the party injured thereby has a cause of action, provided he comes within the purview of the particular ordinance or statute,

---

[10] *Schroeder v. Northern States Power Co., supra,* at 646, 176 N.W.2d at 340, this court holding: "The question which a court must decide, even when it is clear the ordinance is a safety ordinance, is whether the purpose of the ordinance was to protect the party seeking to invoke it, *i.e.,* was he within the class of persons that the legislature plainly intended to protect."

[11] *Terpstra v. Soiltest,* 63 Wis.2d 585, 593, 594, 218 N.W.2d 129, 133 (1974).

and the injury has a direct and proximate connection with the violation."[12]

For the reasons set forth, we affirm the trial court's overruling of defendants' demurrer to the third cause of action set forth in plaintiffs' complaint. (Since no challenge is made to the fourth cause of action, brought by plaintiff Betty J. Clark and repeating all material allegations contained in the first, second and third causes of action, no discussion or review of that cause of action is required.)

Since the demurrer of defendants was to each of the four causes of action pleaded, we have reviewed the issues raised on appeal as they apply to the separate causes of action. In so doing, we have applied both the controlling statute[13] and the applicable cases[14] which require that facts stated in a complaint be accepted as true on demurrer. The complaint is also to be liberally construed in determining whether the facts alleged are sufficient to state a cause of action.[15] So testing the com-

---

[12] See also: Aravanis v. Eisenberg, 237 Md. 242, 206 A.2d 148 (1965); McGee v. Adams Paper & Twine Co., 26 App. Div.2d 186, 271 N.Y.S.2d 698 (1966). Contra: Buren v. Midwest Industries, Inc., 380 S.W.2d 96 (Ky. 1964).

[13] Sec. 263.27, Stats., entitled Pleadings liberally construed, provides: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

[14] E.g., Marina Fontana v. Vil. of Fontana-on-Geneva Lake, 69 Wis.2d 736, 739, 233 N.W.2d 349, 350 (1975); Volk v. McCormick, 41 Wis.2d 654, 658, 165 N.W.2d 185, 187 (1969).

[15] See: Libowitz v. Lake Nursing Home, 35 Wis.2d 74, 79, 80, 150 N.W.2d 439, 442, 151 N.W.2d 680 (1967), this court holding: "When this court reviews an order overruling a demurrer made on the ground that the complaint did not state facts sufficient to constitute a cause of action, it gives the complaint a liberal construction in favor of stating a cause of action. [Cases cited] The 'allegations of fact in the . . . complaint . . . must be taken as true. . . .' Uihlein v. Rosenberg (1949), 255 Wis. 412, 416, 39 N.W.2d 389, and '. . . every reasonable in-

plaint here challenged and the causes of action here pleaded, we conclude: (1) The trial court order overruling defendants' demurrer to the first cause of action pleaded must be reversed and the cause remanded with instructions to enter an order sustaining defendants' demurrer; (2) the trial court order overruling defendants' demurrer to plaintiffs' second cause of action is affirmed; and (3) the trial court order overruling defendants' demurrer to plaintiffs' third cause of action is affirmed. Cause is remanded for further proceedings consistent with this opinion. The plaintiffs-respondents being the prevailing parties on the major issues raised by this appeal, costs are awarded to plaintiffs-respondents.

*By the Court.*—Order overruling demurrer reversed as to first cause of action pleaded and cause remanded with instructions to enter an order sustaining defendants' demurrer and further proceedings consistent with this opinion; order overruling demurrer affirmed as to second and third causes of action pleaded. Costs are awarded to plaintiffs-respondents.

---

tendment and presumption is to be made in favor of the complaint and the plaintiff is entitled to all reasonable inferences which can be drawn from the facts pleaded. *Christenson & Arndt, Inc. v. Wisconsin Telephone Co.* (1953), 264 Wis. 238, 243, 58 N.W.(2d) 682.' "