■ JOMO J. OMOWALE, Also Known as ERIC THOMPSON, Also Known as CLEVELAND M. DAVIS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59593.)—Appeal unanimously dismissed, with costs to claimant, in accordance with the following memorandum: In response to a claim for damages for injuries which claimant suffered as an inmate of Attica prison in September, 1971 when the State suppressed a riot therein, the State moved for dismissal on the ground that the claim was barred by the Statute of Limitations under CPLR 215 and that it does not state a cause of action. The Attorney-General observed to the Court of Claims that originally the claimant seemed to be resting his claim on both assault and negligence but that later it appeared that claimant was relying only on its claim of negligence, and that if the latter be true, the State would withdraw its motion with respect to the Statute of Limitations. The Attorney-General asked that the court, in deciding the motion, delineate the nature of the claim. In its memorandum decision the court did not indicate its views concerning the Statute of Limitations defense to the alleged grounds for the claim, and only discussed the State's contention that the claim does not state a cause of action; and it denied the motion. The State appeals only on the ground that the Statute of Limitations bars the claim, and it complains that the Court of Claims did not decide that question. In light of such fact, the State's remedy lies not in an appeal but in a motion to the Court of Claims to reopen its order and render a decision on the Statute of Limitations questions, if that issue was properly presented and not withdrawn. The normal function of this court is to review orders and judgments of the Special and Trial Terms with reference to alleged errors therein. Where a point has not been raised before that court or the court has not ruled

thereon, we do not review it on appeal (see *Caponigri v Altieri,* 165 NY 255, 263; see, also, *Maloney v Hearst Hotels Corp.,* 274 NY 106, 111). The appeal is, therefore, dismissed, without prejudice to the State to move in the Court of Claims to reopen the order and for decision of the questions properly presented and not heretofore decided. (Appeal from order of Court of Claims —dismiss claim for damages.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ.