Timothy A. CHAPMAN, Appellant,

v.

William D. CRAIG, d/b/a Main Street Tap, Defendant,

and

Gary E. Rogers and Glenda J. Rogers, d/b/a Southfork Restaurant & Lounge, Appellees.

No. 87–1572.

Supreme Court of Iowa.

Nov. 23, 1988.

As Corrected Nov. 29, 1988.

David S. Wiggins and Edward N. McConnell of LaMarca, Marcucci, Wiggins &

Anderson, P.C., West Des Moines, for appellant.

Gerry M. Rinden of Wintroub, Rinden & Okun, Des Moines, for appellees Rogers and Rogers.

SCHULTZ, Justice.

We are asked to reconsider our adoption of the fireman's rule and to abolish it. We recently adopted the rule in a dramshop action denying a policeman a recovery in those cases in which the action is grounded on the same conduct that created the need to call for the officer's assistance. *Pottebaum v. Hinds*, 347 N.W.2d 642, 647 (Iowa 1984). We later limited the rule by refusing to apply it to situations in which the officer is performing a law enforcement activity unrelated to the violation that required the officer's presence. *Gail v. Clark*, 410 N.W.2d 662, 666 (Iowa 1987). The district court applied the fireman's rule in granting partial summary judgment. We affirm.

During the evening of November 21, 1985, Randall Burkhead was served alcoholic beverages at the Main Street Tap in Lorimor. This tavern is operated by William Craig, who is also the licensee under Iowa Code chapter 123 (1985).

After leaving the Main Street Tap, Burkhead went to Winterset and was served at the Southfork Restaurant & Lounge. The Southfork is operated by Gary and Glenda Rogers (Rogers), who similarly are licensees.

When Burkhead refused to leave the Southfork, an employee summoned the police. Officer Timothy Chapman of the Winterset Police Department responded to the call. Chapman found it necessary to arrest Burkhead, and in the process, Chapman was injured.

Chapman brought a dramshop action under Iowa Code section 123.92 (1985) against Craig and the Rogers. The defendants filed motions for summary judgment. The trial court granted the Rogers' motion for summary judgment, based on the fireman's rule. The trial court denied Craig's summary judgment motion, concluding that Craig was a step removed from the rule because neither he nor his employees were responsible for summoning the police nor were the police called to the premises of the Main Street Tap. This latter ruling is not before us on this appeal. The Rogers' summary judgment ruling is the only issue before this court.

■ Chapman first urges the Court to abolish the fireman's rule because a growing number of courts have refused to apply it or have restricted its scope. Minnesota has legislatively abolished the rule. Minn. Stat. § 604.06. Oregon also had abolished the rule. *Christensen v. Murphy*, 296 Or. 610, 678 P.2d 1210, 1216–18 (1984), based in part on the legislative abolition of implied assumption of risk. *Id.* at 1216. Prior to our adoption of comparative fault, we in contrast, have abolished only secondary assumption of risk where contributory negligence was a defense. *Rosenau v. City of Esterville*, 199 N.W.2d 125, 132–33 (Iowa 1972). Primary assumption of risk has been retained as an affirmative defense. *Parsons v. Nat'l Dairy Cattle Congress*, 277 N.W.2d 620, 622 (Iowa 1979). Since our adoption of comparative negligence, we have not changed this position. *Campbell v. Van Roekel*, 347 N.W.2d 406, 409–10 (Iowa 1984).

We cannot view the change of position of two states as a growing trend in this area of law when the majority of states have either adopted or affirmed the application of the fireman's rule. *See e.g. Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rpt. 152, 571 P.2d 609 (1977); *Grable v. Varela*, 115 Ariz. 222, 564 P.2d 911, 912 (App.1977); *Berriel v. State*, 368 So.2d 609, 610 (Fla. App.1979); *Dini v. Naiditch*, 20 Ill.2d 406, 416–17, 170 N.E.2d 881, 885–86 (1960); *Thompson v. Warehouse Corp. of America*, 337 So.2d 572, 573 (La.App.1976); *Buchanan v. Prickett & Son, Inc.*, 203 Neb. 684, 687, 279 N.W.2d 855, 858 (1979); *Steelman v. Lind*, 97 Nev. 425, 427, 634 P.2d 666, 667 (1981); *Berko v. Freda*, 93 N.J. 81, 84, 459 A.2d 663, 664 (1983); *Clark v. Corby*, 75 Wis.2d 292, 295–96, 249 N.W.2d 567, 569 (1977); *see generally* N. Landau,

E. Martin, M. Thomas, 2 Premises Liability § 14.03[2][a][iii] (1987). Regardless, in the short span of time since we have adopted the rule, we see no new policy reasons to abandon our position.

We similarly find no merit in Chapman's assertion that officers' losses would be more fairly compensated through liability insurance. As we stated in *Pottebaum,* "we believe these risks are more effectively and fairly spread by passing them on to the public through the government entities that employ firefighters and police officers." 347 N.W.2d at 645–46.

Chapman next contends that the fireman's rule violates the Equal Protection clauses of the United States and Iowa Constitutions. He asserts that members of the class of public safety officers are treated differently. He cites *Gail v. Clark,* 410 N.W.2d 662 (Iowa 1987) (where the officer was allowed to recover under the dramshop act for injuries sustained in an auto accident caused by an intoxicated driver when it was a high speed chase that created the need for the officer's presence) and *Pottebaum* (the officer was denied recovery for being assaulted by a drunk patron after being called to quell a disturbance at a tavern) as authority. Chapman correctly states that laws must apply equally to all members within a class, *Keasling v. Thompson,* 217 N.W.2d 687, 689 (Iowa 1974), however he wrongly defines the class as all public safety officers.

■ Under *Pottebaum,* we held that recovery is denied for the firefighter or policeman only when the cause of action is based on the same conduct that initially created the need for the officer's presence in an official capacity. *Pottebaum,* 347 N.W.2d at 646. The class is therefore very narrowly defined and our rule treats all members of the class equally.

Because this classification involves no fundamental right or suspect class as defined by the United States Supreme Court, we must determine if a rational basis exists for the denial of recovery for class members. *Stracke v. City of Council Bluffs,* 341 N.W.2d 731, 733 (Iowa 1983). The test is whether the classification is reasonably related to the promotion of one or more legitimate state interests. *Id.* at 734. As we stated in *Pottebaum,* citizens should be encouraged and not in any way discouraged from relying on those public employees who have been specially trained and paid to deal with these hazards. *Pottebaum,* 347 N.W.2d at 645. The government also employs and trains its personnel specifically to deal with those hazards that may result from an uncircumspect citizenry, and it offends public policy to have citizens invite private liability merely because they create a need for those public services. *Id.* Finally, we are aware of the wide-spread existence of liability insurance, however, we believe these risks are more effectively and fairly spread by passing them on to the public through the government entities that employ firefighters and police officers. *Id.* at 645–46. The classification is amply supported by reasons which promote legitimate state interests.

Other courts considering this issue have similarly held the classification denied no equal protection rights. *England v. Tasker,* 129 N.H. 467, 529 A.2d 938, 941 (1987); *Flowers v. Rock Creek Terrace Ltd. Partnership,* 308 Md. 432, 452 n. 12, 520 A.2d 361, 371 n. 12 (1987).

■ Finally, Chapman asserts that the Rogers waived their rights under the fireman's rule by significantly enhancing the dangerous condition. He contends that by serving an allegedly already intoxicated patron even more alcoholic beverages, they relinquished any protection that the fireman's rule may have provided. Chapman also misconstrues this exception to the rule. The exception is limited to allowing recovery "if the individual responsible for their presence engaged in subsequent acts of negligence or misconduct *once the officer was on the scene.*" *Pottebaum,* 347 N.W.2d at 646 (emphasis added) (citations omitted). Plaintiff's deposition indicates that after plaintiff responded to the call, Burkhead left the tavern. The assault on plaintiff occurred outside the tavern after plaintiff arrested and attempted to handcuff Burkhead. If Rogers unlawfully served an intoxicated patron, they did so prior to plaintiff's arrival, thereby making this exception inapplicable.

In conclusion, we hold that the fireman's rule, as set forth in *Pottebaum* and further refined in *Gail*, is amply supported by sound reasoning and is not violative of the Equal Protection clause. The conduct of Rogers also did not constitute a waiver of its protection under the facts of this case. Accordingly, the trial court's ruling on the summary judgment motion is affirmed.

AFFIRMED.

All Justices concur except LARSON, HARRIS and SNELL, JJ., who dissent and LAVORATO, J., who takes no part.

LARSON, Justice (dissenting).

The fireman's rule is founded largely on public policy, a concern that, if a fireman (or similar public employee), is allowed to sue for injuries arising out of a call for assistance, it might discourage citizens from calling for help. *See Pottebaum v. Hinds*, 347 N.W.2d 642, 645 (Iowa 1984). There is, however, no empirical data presented in this case, or in *Pottebaum*, to support that conclusion. In fact, I believe there is considerable doubt that the thought of possible tort liability would even enter the mind of a citizen contemplating a call for help. That is especially true now, it seems to me, when virtually all property owners are covered by insurance against premises injuries.

On the other hand, there can be no doubt that in every case where the fireman's rule is invoked, another public policy *is* frustrated. That is the public policy favoring a party's right to seek reimbursement for injuries caused by the negligence of another. That right should not be denied a broad class of persons on the basis of a public policy as speculative as that supposedly underlying the fireman's rule.

I would reverse.

HARRIS and SNELL, JJ., join this dissent.