FOIL, Judge.
This case involves an appeal brought by plaintiff from the granting of defendants’ motion for summary judgment.
The plaintiff was a volunteer fireman with the Sorrento Volunteer Fire Department. On February 28,1984, he was called to extinguish a fire that had begun at the residence of defendant, W.I. Duplessis. The plaintiff was injured when a loaded handgun located in a desk drawer overheated and discharged, striking plaintiff in the neck.
A suit for damages was filed against Mr. Duplessis and his insurer, Louisiana Farm Bureau Mutual Insurance Company. These defendants subsequently filed a Motion for Summary Judgment. The motion was denied by the presiding trial judge after a hearing on the same. Another Motion for Summary Judgment was filed on behalf of the defendants, which was heard by the then-presiding trial judge and taken under advisement. Thereafter, judgment was granted in favor of defendants, dismissing plaintiff’s suit with prejudice. The plaintiff brings the instant appeal, urging the trial judge erred in granting defendants’ motion for summary judgment despite the existence of material issues of fact. Appellees, defendants, urge that the issues of fact alleged to exist by plaintiff *398 represent nothing other than legal questions. We agree.
After a thorough review and evaluation of the record, we are convinced the reasons assigned by the trial judge are correct, and we affirm, adopting his reasons as our own, and attach a copy hereto. All costs are to be paid by appellant.
AFFIRMED.
APPENDIX
REASONS FOR JUDGMENT
This case as reargued by the parties on January 16, 1987 presents two basic questions for decision:
1. Whether or not a second hearing on the defendant’s motion for summary judgment was proper; and
2. Whether the motion should be granted.
The first question should be answered in the affirmative. Authority for this is C.C. P. Arts. 966 through 969 and the holding Efferson v. Link Belt Corporation (1st Cir 1986) 476 So.2d 528 at 529:
“Plaintiffs counsel cites several cases having to do with the appealability of a denial of motion for summary judgment. He cites no cases, however, nor any other authority, limiting the number of times such a motion may be considered. Since there is no case or statute to the contrary, this court holds that it was not error for the trial judge to hear the motion for summary judgment a second time.”...
The next question is:
WHETHER THE MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED
The defendant mover argues in favor of the motion in words as follows:
“There is no issue of material fact in the Bourgeois case. As a matter of fact, the motion of the defendants is based on the allegations of the plaintiff’s petition as modified by the plaintiff’s deposition which was taken April 4, 1985. For the purpose of this motion, the facts are that the plaintiff was a fireman for the Sor-rento Volunteer Fire Department and was sent to fight a fire in the residence of W.I. Duplessis. The plaintiff was injured when a handgun in a drawer of the Duplessis residence fired as a result of being overheated by the fire and the plaintiff was struck by a bullet. In his deposition, the plaintiff testified that the fire department is a volunteer fire department and that he is not paid for his services although he does receive free equipment, is trained by his organization and by LSU and was furnished medical expenses by his fire department. He also testified that he is a trained police officer who has had six weeks of training at the LSU Academy and has six men under him in the Sorrento Police Department. The plaintiff also testified that the plaintiff was voted as rookie of the year for the fire department in 1985.
According to the plaintiff’s deposition, he arrived at the scene of the fire at from 10:30 to 11:00 o’clock and he was injured shortly after midnight. When he arrived, the fire departments were already fighting the fire and he began to participate. He made no inquiry about whether the electricity had been cut off or what contents might have been in house. He was informed that there was no human beings in the house. The plaintiff expressed the opinion that 80% of the houses in the Sorrento area have a handgun in them.”
The mover argues that no issue of material fact exists and cites Thompson v. Warehouse Corp. of America, Inc. 337 So.2d 572 (La.App. 4th Cir.1976), Mayor and Council et al v. Jessie J. Fontenot, 460 So.2d 685 (La.App. 1st 1984) and Gary v. Lopez, 460 So.2d 748 (La.App. 3rd Cir. 1984). Mover also devoted some time in brief to refute plaintiff's argument in pretrial memorandum Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971).
The plaintiff opposer’s argument was couched in the following language:
“The plaintiff herein was gratuitously on the property of the defendant in order to assist the defendant. The defendant *399 knew a gun was hidden in his desk drawer, and certainly had reason to believe that intense heat might set it off. Because of the relationship between the parties and the facts known to the defendant herein, his obligations to confirm to a standard of conduct of a reasonable man placed him under a duty to advise the plaintiff herein that a loaded gun was inside the burning house. Obviously, the duty owed to the plaintiff herein as set forth above was breached in that the defendant herein with full knowledge of the underlying facts, made no attempts to inform plaintiff herein of those facts. Just as obvious, is the fact that the breach of the duty was his substantial factor in bringing harm to the plaintiff, i.e., but for the knowledge exclusively within the possession of the defendant, the plaintiff herein would not have placed himself anywhere in the proximity where he could have been injured. Finally, it certainly can be argued that the risk and harm encountered by the plaintiff herein fell within the stroke of protection afforded by the duty breached.”
[[Image here]]
The basic law to be applied in considering this or any motion for summary judgment is Article 966.
“Article 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C.A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.”
The main reason for granting another hearing on the motion was to give the parties an opportunity to point out any issue of material fact that might exist for determination at trial. The Court’s earlier Judgment of September 5, 1985 alluded to genuine issues of material fact but never delineated any with particularity. Upon further consideration of the pleadings, depositions and admissions of the parties it now appears that no issues of material fact do exist. The plaintiff argues strenuously for his interpretations and inference to be drawn from existing facts, but points to no material fact to be decided at trial.
This decided, the next issue is whether the defendant-mover is legally entitled to summary judgment. The weight of state and national authority is that it would be. The mover correctly stated Louisiana jurisprudence in its original motion:
“In the case of Thompson v. Warehouse Corporation of America, Inc., 337 So.2d 572 (La.App., 4th, 1976), a fireman was injured while fighting a fire and he filed suit against the owner of the premises to recover damages for those injureis. In rejecting the claim, the Court made the following comments:
“ * * * But we are unable to distinguish negligent sprinkler maintenance from ordinary negligence which might contribute to the start of the fire. We deem it unreasonable to hold that an owner owes it to firefighters not to let his building catch fire. To the contrary: it is the firefighters’ duty to the property owners (and the neighbors) to save them from their negligence. In the absence of proof of personal negligence so gross as to be tantamount to arson or to trap-setting by the owner, we cannot hold a building owner liable to firefighters for negligence causing or worsening fire which caused the firefighters’ injury.”
[[Image here]]
*400 This court is unable to hold having a loaded gun on one’s premises “tantamount to arson or trap-setting.”
The holding of Thompson, above was cited and restated in the later case of Mayor and Council of City of Morgan City v. Fontenot (1st Cir.1984) 460 So.2d 685 at 687:
It is generally held that the risk of injury to a gratutitous rescuer is within the ambit of protection of the general duty not to create an unreasonable risk of harm to others.... (citing cases)
This rule has been applied where the fault of a tortfeasor caused a fire and a gratuitous rescuer was subsequently injured. Inseco v. Cambridge Mutual Fire Insurance Company. 447 So 2d 606 (La.App. 3rd Cir.1984), writs denied, 449 So 2d 1349, 1350 (La.1984). However, recovery has been denied to professional rescuers who are injured in rescue operations. Zimmerman, Negligence Actions by Police Officers and Firefighters: A Need for a Professional Rescuers Rule, 66 Cal.L.Rev. 585 (1978). In Thompson v. Warehouse Corporation of America, Inc. 337 So 2d 572, 573 (La.App. 4th Cir.1976), a professional firefighter was injured while fighting a fire, and the court observed as follows:
The warehouse sprinkler system was partially inoperative because of closed valves that should have been open. The question is whether defendant is responsible for injuries resulting to a firefighter from its negligence in not having the valves open. We hold that negligent maintenance of a sprinkler system, which may result in a fire’s burning more fiercely or with denser smoke or otherwise more dangeroulsy, is not a breach of duty — fault within La.C.C. 2315 — towards the firefighters who may come to fight the fire.... (continues with cite from Thompson case above)
The Court in Fontenot at page 688 distinguished the case of a firefighter injured fighting a risk he assumed from a case where his injury was not related to fighting a fire:
“... A professional rescuer may recover, however, for injury caused by a risk which is independent of the emergency or problem he has assumed the duty to remedy. Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So 2d 133 (1971); Briley v. Mitchell, 238 La. 551, 115 So 2d 851 (1959).”
Given the status of state and national authority and the parties’ failure to particularize even one divergent issue of material fact, the defendant-mover’s motion for summary judgment will be granted.
Counsel for defendant-mover is to prepare a judgment in accordance herewith which will be signed upon presentation.
Convent, Louisiana this 10th day of April, 1987.
/s/ John L. Peytavin JUDGE