# Bundley Stoudenmire *v.* The State.

## *Arson.*

[DECIDED FEB. 17, 1906, 40 So. REP. 321.]

1. *Criminal Law; Arson; Indictment.*—An indictment which charges that B. S. willfully set fire to or burned a dwelling house of E. A. K., in which there was at the time no human being; And that, B. S. wilfully set fire to or burned a dwelling house of M. U. in which there was at that time no human living, does not charge arson in either degree, and was subject to demurrer.

APPEAL from Autauga Circuit Court.

Heard before Hon. S. L. BREWER.

The defendant was indicted for arson. The indictment contained two counts as follows: 1st, The grand jury of said county charge that before the finding of this indictment, Bundly Stoudenmire wilfully set fire to or burned a dwelling house of Mrs. E. A. King, in which there was at the time no human being. 2, The grand jury, etc., that Bundly Stoudenmire wilfully set fire to or burned a dwelling house of Mag Underwood in which there was at that time no human living. Demurrers were interposed as follows: 1, Because said count fails to allege that the defendant wilfully set fire to or burned an inhabited dwelling house. 2, Because said count fails to allege that the defendant wilfully set fire to or burned an inhabited dwelling house of Mrs. King or any other persons. 3, Because said count is insufficient at law to charge arson in the first degree. 4, Because said count does not allege that the defendant wilfully set fire to or burned an uninhabited dwelling house in which there was at the time no human being. 5, Said count is insufficient to charge the defendant with arson in the second degree. These grounds were assigned to count 1, and, with a change of name to fit count two, were adopted as to that count.

The demurrers were overruled by the court and upon the trial the defendant was convicted of arson in the first degree and sentenced to the penitentiary for a period of ten years. From this conviction he prosecutes an appeal.

MAC A. SMITH and JOHN A. HOLMES, JR., for appellant, argued that the demurrers to each count of the indictment should be sustained, citing, § 4336 and 4923, subd. 6, Code 1896.

MASSEY WILSON, Attorney General for State, argued that the clause in the first count in the indictment. "In which there was at the time no human being," is not descriptive of any element of the offence, is surplusage and may be disregarded.—*Paine v. State,* 89 Ala. 26. And with these words out of both counts, they are in code form.— § 4923, Code of 1896 and cases cited; *Sands v. The State,* 82 Ala. 31; *Benjamin v. The State,* 121 Ala. 26. The term dwelling house, *ex vi termini,* imports a place inhabited.—*Smith v. Birmingham Water Works Co.,* 104 Ala. 315, 5 h. n. 324; 10 A. & E. Enc. L. (2nd ed.), 353 *et seq.; Gober v. State,* 140 Ala. 153.

HARALSON, J.—The first count in the indictment charges, that defendant willfully set fire to or burned a dwelling-house of Mrs. E. A. King, in which there was at the time no human being.

The second count charges, that he set fire to or burned a dwelling of Mag Underwood, etc.

The indictment in its counts attempted to charge arson in the first degree.—Code, § 4336. The form in the Code for arson in the first degree is, "A. B., willfully set fire to or burned a dwelling house of C. D., in which there was at the time a human being." For arson in the second degree the form prescribed is, "A. B. willfully set fire to or burned an uninhabited dwelling-house of C. D., in which there was at the time no human being."— Criminal Code, Forms 6 and 7; §§ 4336, 4337 of the Code.

Neither count of the indictment in this case charged arson in the first or second degree. The demurrers in-

[Tony v. State.]

terposed to them pointed out their defects and should have been sustained.

The jury found the defendant guilty of arson in the first degree, and he was accordingly so adjudged, which was also error.

Reversed and remanded.

DOWDELL, ANDERSON and DENSON, JJ., concurring.

