## PEOPLE *v.* McCARTY.

1. ARSON—INTENT—EVIDENCE.

In prosecution for wilfully burning personal property with intent to injure and defraud insurers thereof, testimony as to conversation held between defendant and one of his employees in presence of witness who had been an employee at time of conversation shortly before the fire which had occurred over two years previous to trial that defendant had said he believed a fire would do him good made, if at all, in the course of casual talk *held*, not evidence of intent under circumstances (Act No. 328, § 75, Pub. Acts 1931).

2. SAME—INTENT—CARELESSNESS WITH LIGHTED MATCHES.

Fact that fire which damaged insured personal property was occasioned by lighted matches carelessly thrown upon the floor would not justify jury in finding that defendant wilfully set fire for purpose of defrauding insurer as statutory requirement that fire be wilfully set excludes mere carelessness or accident (Act No. 328, § 75, Pub. Acts 1931).

3. SAME—INDEBTEDNESS OF DEFENDANT—INTENT—EVIDENCE.

Evidence that defendant in prosecution for wilfully burning personal property with intent to injure and defraud insurers thereof was in debt and had borrowed money at bank did not tend to prove charge of wilfully setting the fire (Act No. 328, § 75, Pub. Acts 1931).

4. SAME—VERDICTS—GREAT WEIGHT OF EVIDENCE.

In prosecution for wilfully burning personal property with intent to injure and defraud insurers thereof, where defendant took stand and denied setting the fire or throwing lighted matches upon the floor as claimed by former employee who, although interrogated immediately after fire, had said nothing about it to police until after having had trouble with defendant relative to pay about two years later, verdict *held*, against great weight of evidence (Act No. 328, § 75, Pub. Acts 1931).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 15, 1942. (Docket No. 97, Calendar No. 41,684.) Decided December 23, 1942.

James McCarty was convicted of wilfully burning his personal property with intent to defraud the insurers. Reversed and new trial granted.

*Pierce, Planck & Ramsey,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund H. Shepherd,* Solicitor General, *Victor C. Anderson,* Prosecuting Attorney, and *Paul C. Younger* and *Marvin J. Salmon,* Assistant Prosecuting Attorneys, for the people.

WIEST, J. Defendant was charged with and, upon trial by jury, found guilty of, wilfully, with intent to injure and defraud insurers thereof, burning his personal property. His motions for directed verdict and for a new trial were denied and he was sentenced to prison for a term of 2½ to 10 years. Defendant reviews by appeal and, among other errors, claims

the verdict was against the great weight of the evidence.

Defendant rented two rooms on the ground floor and the basement of a two-story brick building at the southwest corner of Washtenaw street and Grand avenue in the city of Lansing where, for several years, he carried on the business of selling and servicing electric refrigerators. He carried insurance on his merchandise and servicing equipment. The upper story of the building was a rooming house. About 4 o'clock, the morning of December 7, 1938, fire was discovered in the rear room rented by defendant and his merchandise and equipment were damaged. The building was not burned. Defendant continued his business in the building and about two years after the fire he was charged with the mentioned crime and put to trial.

Defendant had two workmen in his employ. There had been a fire, damaging refrigerating equipment, in a building at Grand Ledge, and defendant was employed to repair it. George Van Beek, one of the workmen, was a witness for the prosecution and testified that about four and a half hours before the fire in defendant's place of business, while he and defendant with David Quirk, the other employee, were driving to Grand Ledge, the following conversation occurred:

"We talked about this particular beer box we were putting in, talked about profits from fires; talked about things in general, mostly about fire and about fire replacement jobs. We generally called James McCarty Mack or Jack. Quirk asked Mac, 'If a fire would do him any good.' Mac said, 'Yes, I believe it would.' That was just about 11 o'clock or slightly after that, in the evening."

That conversation appears to have been the basis for claiming that defendant intended to set fire to

his place of business. The talk was casual and the remark, if made, was not evidence of an intended criminal purpose, but rather a jocose reply to the jocular inquiry. It was just loose talk, inextensible and not infamizing.

The witness also testified that, when they reached Grand Ledge, Quirk and defendant returned to Lansing, came back to Grand Ledge about midnight and picked him up. On their return to Lansing they had lunch at a restaurant and then went to defendant's place of business where the witness claims he noticed merchandise had been moved about and goods stored in the back room; that when he inquired about the change and about the cause he was told defendant and Quirk had been looking for rats. Defendant and Quirk testified to legitimate reasons for moving the merchandise and the inference intended by the testimony of Van Beek that it was preparatory to the fire was without evidentiary value. While he was there Van Beek claims defendant lit matches, some of which he put out and others he threw upon the floor, lighted, and some back of merchandise where there was combustible material, such as excelsior. About 3:30 in the morning they left the place to go home and he claims he noticed, as he went out of the door, a reflection as of burning matches back of the mentioned merchandise, but said nothing about it.

The fire was discovered just before 4 o'clock in the morning and put out, but not before damage to defendant's merchandise and equipment.

If the fire was occasioned, as claimed by the prosecution, by lighted matches carelessly thrown upon the floor that did not justify a finding that defendant wilfully set the fire for the purpose charged. It may have been extremely careless but, in order to constitute the crime charged, it did not furnish evidence

from which the jury could find the defendant guilty of wilfully setting the fire. The statute, Act No. 328, chap. 10, § 75, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–75, Stat. Ann. § 28.270), required, in order to find the fire was wilfully set by defendant, that he knowingly and stubbornly and for the alleged unlawful purpose set the same. This excludes mere carelessness or accident.

Shortly after the fire the police interrogated witness Van Beek as to what he knew about it and he said nothing about matches being thrown upon the floor; nor did he tell any one about it until nearly two years later and after he had had trouble with defendant relative to his pay. Defendant had claimed the witness had material of his for which he should pay. At first the witness claimed he did not have any material belonging to defendant but finally settled his account by admitting he had the material and they had agreed upon the value thereof in a settlement.

The prosecution claimed the defendant was in debt and had borrowed money at a bank. Evidence along this line did not tend to prove the charge of wilfully setting the fire.

The record has been read with care. Defendant was a witness in his own behalf and denied setting the fire or throwing lighted matches upon the floor and we are convinced that the verdict was not only against the great weight of the evidence but was, in fact, unsupported by evidence from which the jury could find defendant guilty as charged. See *People v. Lee,* 231 Mich. 607.

The verdict is set aside and a new trial granted.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.