ON REHEARING
CATES, Presiding Judge.
The prosecution argues there is “no chance that the procuring * * * be done accidentally or by mischance.”
We are at a loss to ascribe what meaning was intended by the use of “no chance”. This court is a court of law, not of probabilities.[2]
Both by State and Federal Constitutions an indictment must inform a defendant of the charges against him. The law of the land is not ready to keep the accused in the dark as to what he is up against until the State rests its case. United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588. Otherwise he would be like Laocoon wrestling in the dark against the coils of a sea serpent.
We think 6A C.J.S. Arson § 8, fn. 71, citing People v. McCarty, 303 Mich. 629, 6 N.W.2d 919, is apt.
Arson involves an act which is not done under color of right. Regina v. Twose, (1879), 14 Cox 327. Thus, as in McCarty, supra, a man may employ others who through neglect cause a fire. Such proof is not enough for arson. A painter hired to remove encrustations on a frame house uses a blow torch and so starts a fire — the owner has not procured arson. The procurement to be a criminal must be willful.[3]
We can cite no more apt authority than Commonwealth v. Cooper, 264 Mass. 378, 162 N.E. 733, from which we quote:
“RUGG, C. J. This indictment as returned by the grand jury charged that the defendant on a specified date at a designated place ‘did attempt to burn the building of Frances Winograd, and in such attempt did set a fire in the cellar of said building, but did fail in the perpetration of said attempted offense, and was intercepted and prevented in the execution of said attempted offense, against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided.’
“The indictment in this form charged no criminal offense known to the law of this commonwealth. Arson was defined at common law as ‘the malicious and *225 willful burning the house or outhouse of another man.’ 4 Bl.Com. 220, 221. By G.L. c. 266, §§ 1, 2, 3, 4, and 5, the crime of arson has been somewhat differentiated, and other acts assimilated to that crime, by including the burning, not only of dwelling houses, but of other classes of structures not embraced within arson at common law; but all these statutory descriptions of crime contain the words ‘willfully and maliciously’ as an integral part of the several offenses there defined. In this respect they stand on the same footing as arson at common law. These words are essential. They are not mere form. They constitute the substance of the crime. Without these indispensable words no crime is set forth. They must be alleged in the indictment and proved at the trial. Their omission is not insubstantial or technical, but goes to the root of the whole matter. Not infrequently an act done with an innocent purpose violates no law, and yet becomes unlawful when done with a malicious and willful design to cause injury. The act set forth in this indictment belongs to that class.
“This point is covered by the authority of Commonwealth v. Makely, 131 Mass. 421, where it was held in a somewhat similar case that malice must be proved and that the burden of proof was not sustained where the burning was shown to have been at the procurement of the owner of the building.”
In charging arson the essential elements must be put in the indictment. The demurrer should have been sustained. Ala.Cons. § 6; U.S.Cons. Amdmts. 6 & 14. See Stoudenmire v. State, 144 Ala. 85, 40 So. 321.
The application is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur, except De-CARLO, J., who dissents.

. We forego reference to Judge Bridoie who used little dice to decide little cases and big ones for big cases.

. We do not hold that “wilfully” is the only adverb available. “Maliciously” would embrace the same concept and more. Of course, the prosecution under the latter example would have the burden of establishing malice. See State v. Thorne, 81 N.C. 555.
However, in certain burnings, e. g., chattels to real property, the doctrine of “transferred malice” can be inapplicable. Woodley v. Cork C. C. [1910] 2 Ir.R. 29.