564 P.2d 911
**Randall J. GRABLE and Mable A. Grable, husband and wife, Appellants,**

v.

**Joseph Richard VARELA, a Minor, and Joseph Varela and Erma Varela, his parents, Appellees.**

No. 2 CA–CIV 2269.

Court of Appeals of Arizona, Division 2.

Feb. 7, 1977.

Rehearing Denied March 14, 1977.

Review Denied April 5, 1977.

Rees, Mercaldo & Smith, P. C. by Brian E. Smith, Tucson, for appellants.

Johnson, Tucker, Jessen & Dake by James F. Bly, Jr., and Kenneth L. Tucker, Tucson, for appellees.

HOWARD, Chief Judge.

The issue in this case is whether the "fireman's rule" should be accepted in Arizona.

Randall Grable, a member of the Tucson Fire Department, was injured while fighting a fire at an unoccupied residence located in Tucson, Arizona. The fire was started by the appellee, Joseph Richard Varela, a minor, who, while playing with matches, started a grass fire which spread to the house.

The complaint filed by appellants was based on negligence. After initial discovery, appellees moved for summary judgment. Appellants resisted the motion and moved to amend their complaint to allege that the conduct of the minor was both reckless and negligent. The trial court denied the motion to amend and granted appellees' motion for summary judgment.

The "fireman's rule" which we here discuss negates liability to a fireman by one whose negligence causes or contributes to the fire which in turn causes the death or injury of the fireman. Other jurisdictions are almost unanimous in denying recovery by an injured fireman from one whose sole connection with the injury is that his negligence caused the fire.[1] *Giorgi v. Pacific Gas & Electric Company,* 266 Cal.App.2d 355, 72 Cal.Rptr. 119 at 121 (1968). In fact, the California court in *Giorgi,* was able to find but one case, *Houston Belt & Terminal Ry. Co. v. O'Leary,* 136 S.W. 601 (Tex.Civ. App.1911) which although perhaps distinguishable on its facts, arguably is to the contrary.

The basis of the fireman's rule which is a very old one is public policy. As stated by Chief Justice Weintraub in *Krauth v. Geller,* 31 N.J. 270, 157 A.2d 129, 131 (1960):

". . . [I]t is the fireman's business to deal with that very hazard and hence, perhaps by analogy to the contractor engaged as an expert to remedy dangerous situations, he cannot complain of negligence in the creation of the very occasion for his engagement. In terms of duty, it may be said that there is none owed the fireman to exercise care so as not to require the special services for which he is trained and paid. Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences. Hence, for that risk, the fireman should receive appropriate compensation from the public he serves, both in pay which reflects the hazard and in workmen's compensation benefits for the consequences of the inherent risk of the calling."

While there is little doubt that the fireman's rule originated in the land occupier cases, the rule is not limited to injuries suffered by firemen on land belonging to or occupied by the defendant. *Giorgi v. Pacific Gas & Electric Company,* supra; *Scott v. E. L. Yeager Construction Company,* 12 Cal. App.3d 1190, 91 Cal.Rptr. 232 (C.A. 4th Dist. 1970). Nor does it matter whether the negligence of the defendant is "active" or "passive". *Scott v. E. L. Yeager Construction Company,* supra.

■ We hold that a fireman has no cause of action against one whose negligence caused the fire in which he was injured.

■ Appellants claim that application of the fireman's rule violates A.R.S. § 23–1023(A) which permits an employee entitled to workmen's compensation to pursue his negligence claim against a third party tortfeasor. We do not agree. A.R.S. § 23–1023(A) does not create a cause of action where none exists.

■ Appellants next argue that the court erred in not allowing their motion to amend the complaint to allege that the conduct of the minor was reckless and thus bring the

1. The rule in *Giorgi* was cited with approval by the California Supreme Court in *Solgaard v. Guy F. Atkinson Company,* 6 Cal.3d 361, 99 Cal.Rptr. 29, 491 P.2d 821 (1971). See also, the following cases: *Remedy v. Johnston,* 193 So.2d 487 (Fla.App.1967); *Cities Service Oil Company v. Dixon,* 14 Ohio Law Abst. 203 (Ohio Appeals 7th District 1932); *Rogers v. Cato Oil & Grease Company,* 396 P.2d 1000 (Okl.1964); *Spencer v. B. P. John Furniture Corporation,* 255 Or. 359, 467 P.2d 429 (1970); *Bennett v. Kurland,* 21 Pa.D. & C.2d 587 (1958); *Hass v. Chicago and North Western Railroad Co.,* 48 Wis.2d 321, 179 N.W.2d 885 (1970).

defendants within an arsonist exception to the fireman's rule. We do not agree. The fire occurred when the appellee-minor, then fourteen, was with friends in the backyard of a vacant house near his home hunting for treasure with a metal detector. In order to use the metal detector in patches of high grass, the boys decided to burn the grass so that they could get the detectors closer to the ground. A number of spots were burned without incident. The fire which burned the house occurred when a gust of wind blew the grass fire on to some dried up vines on a trellis near the porch at the rear of the vacant house. When the boys saw the vines ignite they tried to extinguish the fire but were unable to do so.

A.R.S. § 13–231 defines arson as:

"A person who *wilfully and maliciously* sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of a dwelling house . . . is guilty of arson in the first degree . . . ." (Emphasis added)

 Citing the case of *Brimhall v. State,* 31 Ariz. 522, 255 P. 165 (1927) appellants contend that the wilful and malicious intent required by the statute can be inferred from reckless conduct. In *Brimhall* the court stated:

"Where, however, the injury is the result of reckless, wanton and wilful conduct, showing an utter disregard for the safety of others, the law imputes to the wrongdoer a wilful and malicious intention even though he may not in fact have entertained such intention." 31 Ariz. at 526, 255 P. at 166.

However, in *State v. Balderrama,* 97 Ariz. 134, 397 P.2d 632 (1964) the court expressly overruled *Brimhall* so far as it held that evidence of negligent conduct may be sufficient to prove the required criminal intent with which an act is done. See also *State v. Chalmers,* 100 Ariz. 70, 411 P.2d 448 (1966). The crime of arson as defined by our statute requires both a wilful and malicious intent. The term "wilfully" has been interpreted as meaning intentionally and according to a purpose as distinguished from accidentally or involuntarily. *Love v. State,*

107 Fla. 376, 144 So. 843 (1932); *Turner v. Commonwealth,* 328 S.W.2d 536 (Ky.1959). In order for a fire to be set wilfully it must be set knowingly and stubbornly and with an alleged unlawful purpose. Mere carelessness or accident does not constitute a wilful setting. *People v. McCarty,* 303 Mich. 629, 6 N.W.2d 919 (1942).

The required malice is the deliberate and intentional firing of a building or other defined structure, as contrasted with an accidental or unintentional ignition thereof. *People v. Andrews,* 234 Cal.App.2d 69, 44 Cal.Rptr. 94 (1965). Reckless conduct or gross negligence cannot take the place of the state of mind required by our arson statute.

Assuming arguendo, that arson is an exception to the fireman's rule, the undisputed facts do not show arson. The court was therefore correct in denying the motion to amend the complaint and in granting summary judgment.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.