995 P.2d 714

Robert FROHLICH, Petitioner/Appellant,

v.

The CITY COURT OF the CITY OF TUCSON, and Eugene H. Hays, a magistrate thereof, Respondents,

and

The State of Arizona, Real Party in Interest/Appellee.

No. 2 CA–CV 98–0068.

Court of Appeals of Arizona, Division 2, Department A.

April 6, 1999.

Review Denied Feb. 8, 2000.

T.S. Hartzell, Tucson, Attorney for Petitioner/Appellant.

Thomas J. Berning, Tucson City Attorney By R. William Call and George W. Bromley, Tucson, Attorneys for Real Party in Interest/Appellee.

*O P I N I O N*

DRUKE, Chief Judge.

¶ 1   A police officer arrested appellant Robert Frohlich for soliciting an act of prostitution, a misdemeanor,[1] in violation of Tucson City Code § 11–28(1)(c).   The officer prepared a written notice to appear and complaint in accordance with A.R.S. § 13–3903 and released appellant on his promise to appear in court.   After he appeared, appellant moved to dismiss the complaint, arguing that the court lacked jurisdiction because the proceedings were commenced by notice and complaint rather than a "complaint under oath" in accordance with A.R.S. § 22–421. The court denied the motion, and appellant

---

1.   A.R.S. § 13–105(21) defines "misdemeanor" as "an offense for which a sentence to a term of imprisonment other than to the custody of the state department of corrections is authorized by any law of this state."   Tucson City Code § 11–28.1(c) only authorizes a jail sentence and fine for a violation of Tucson City Code § 11–28(1)(c).

brought a special action in the superior court challenging the decision. The superior court upheld the municipal court's decision, and this appeal followed. We review the issue of law raised by this appeal de novo. *Orth v. Cole*, 191 Ariz. 291, 955 P.2d 47 (App.1998). For the reasons stated below, we affirm.

¶ 2 Appellant contends the notice and complaint cannot be used to commence proceedings that involve misdemeanor violations of municipal ordinances, asserting that § 22–421 provides an exclusive method for initiating such proceedings. Although appellant acknowledges that Rule 2.1(b), Ariz. R. Crim P., 16A A.R.S., requires misdemeanors "triable in limited jurisdiction courts to [be] commenced by utilizing" the notice and complaint, he argues that Rule 2.1(b) does not apply when the misdemeanor involves a municipal ordinance. In support, appellant relies on A.R.S. § 22–423, which states that the "rules of criminal procedure" apply to municipal courts "so far as applicable and when not otherwise prescribed." Appellant claims § 22–421 prescribes otherwise for violations of municipal ordinances. Appellant is only partially correct.

¶ 3 Section 22–421(A) provides in relevant part that "[p]roceedings in the municipal court for violations of ordinances committed within the corporate limits of the city or town shall be commenced by complaint under oath." Section 22–421(B) adds that "[i]f the magistrate is satisfied that the offense complained of has been committed by the person charged, [the magistrate] shall issue a summons or warrant of arrest." In essence, § 22–421 requires a sworn complaint, approved by a magistrate, before an arrest warrant or summons may issue for a municipal ordinance violation.[2] Appellant argues that this procedure must be followed for all violations of a municipal ordinance. We disagree.

¶ 4 Under A.R.S. § 13–3883(A)(2), "[a] peace officer may, without a warrant, arrest a person if [the officer] has probable cause to believe ... [a] misdemeanor has been committed in his presence and probable cause to believe the person to be arrested has committed the offense."[3] The statute thus authorizes a warrantless arrest, based on probable cause, for a misdemeanor committed in the officer's presence. "[U]nder this statute, the only time an officer may arrest without warrant for [a] misdemeanor is when the misdemeanor is committed in his presence. This was the rule at common law ... and this has been the rule staunchly adhered to by this court throughout the years." *State v. Nixon*, 102 Ariz. 20, 22, 423 P.2d 718, 720 (1967). See also *State v. DeWoody*, 122 Ariz. 481, 595 P.2d 1026 (App.1979).

¶ 5 The question remains, however, whether § 13–3883(A)(2) applies to misdemeanor violations of a municipal ordinance, such as Tucson City Code § 11–28(1)(c). We believe the statute does apply when such violations occur in the officer's presence and probable cause exists for an arrest. This application not only comports with the well-established common law rule recognized in Nixon, but avoids the absurd result of requiring the officer to forego the arrest and proceed by sworn complaint under § 22–421. See *State v. Baca*, 187 Ariz. 61, 926 P.2d 528 (App.1996) (statutes construed to avoid absurdity). Moreover, this application harmonizes the apparent conflict between § 13–3883(A)(2) and § 22–421. See *State v. Cassius*, 110 Ariz. 485, 487, 520 P.2d 1109, 1111 (1974) (statutes harmonized "so as to give force and effect to each").

¶ 6 Section 13–3883(A)(2) is given effect when, as here, a person violates a municipal ordinance in the officer's presence and the officer has probable cause to arrest the person. When these conditions are satisfied, the officer may arrest the person without a warrant pursuant to § 13–3883(A)(2) and either take the person "without unnecessary delay

---

2. A.R.S. § 22–311 imposes similar requirements for commencing criminal proceedings in justice court.

3. Subsection (A)(4) of the statute authorizes an officer to arrest a suspect for both misdemeanors and petty offenses based on probable cause but does not require the offense to be committed in the officer's presence. We need not address this difference between subsections (A)(2) and (A)(4) because appellant does not dispute he violated the municipal ordinance in the officer's presence.

... before the nearest or most accessible magistrate" pursuant to A.R.S. § 13–3898(A) or, pursuant to § 13–3898(B), "proceed under the provisions of § 13–3903" and release the person after issuing a notice and complaint.

¶ 7 Section 22–421 is given effect when the conditions for a warrantless arrest are absent or, even if present, the officer elects not to arrest the person or the person evades arrest. Under these circumstances, the officer proceeds by sworn complaint and warrant pursuant to § 22–421 and, after arrest, takes the person "without unnecessary delay" before a magistrate pursuant to A.R.S. § 13–3897. This statute, unlike § 13–3898(B), does not contain a provision authorizing the officer to "proceed under the provisions of § 13–3903" and, thus, the officer cannot issue a notice and complaint and release the person.

¶ 8 In sum, depending upon the circumstances, a peace officer may utilize either § 13–3883(A)(2) or § 22–421 for misdemeanor violations of a municipal ordinance. Both statutes require probable cause for an arrest and thus satisfy the requirements of the Fourth Amendment. See U.S. Const. amend. IV; *Kuhn v. Smith*, 154 Ariz. 24, 739 P.2d 1341 (App.1987). In addition, both statutory procedures require similar safeguards against false complaints. If an officer utilizes § 13–3883(A)(2) and elects to proceed under § 13–3903, the officer must, under the penalty of perjury, certify the notice and complaint pursuant to A.R.S. § 13–3899. This certification is equivalent to the "complaint under oath" required by § 22–421.

> [T]he officer's certification of the [traffic ticket and] complaint is done under the penalty of perjury. No more can be accomplished by an oath. The penalty of perjury and its deterrent effect on an affiant are exactly the same as in the case of certification. The Constitution does not take account of such quibbling.

*State ex rel. Purcell v. Superior Court*, 109 Ariz. 460, 462, 511 P.2d 642, 644 (1973).

¶ 9 We therefore conclude that proceedings against appellant for violating Tucson City Code § 11–28(1)(c) were properly commenced by notice and complaint. Appellant does not dispute that he committed the offense in the officer's presence or that the officer had probable cause for the arrest. The officer thus lawfully arrested appellant under § 13–3883(A)(2), rather than commence proceedings by sworn complaint and warrant under § 22–421, and then, as authorized by § 13–3898(B), prepared a notice and complaint under § 13–3903 and released appellant on his promise to appear in court. Accordingly, the municipal court obtained both in personam and subject matter jurisdiction, and the superior court did not abuse its discretion in denying special action relief.

¶ 10 Affirmed.

CONCURRING: JOHN PELANDER, Presiding Judge, and M. JAN FLÓREZ, Judge.