NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

HOWARD STEVENSON, a married man,
*Plaintiff/Appellant*,

*v.*

JOHN M. HARMON and BARBARA A. HARMON,
*Defendants/Appellees*.

No. 1 CA-CV 15-0329
FILED 6-23-2016

———————————————

Appeal from the Superior Court in Maricopa County
No. CV 2014-052667
The Honorable Thomas L. LeClaire, Judge (Retired)

**AFFIRMED**

———————————————

COUNSEL

Vingelli & Company Law Offices, PLLC, Scottsdale
By John N. Vingelli
*Counsel for Plaintiff/Appellant*

Burch & Cracchiolo, PA, Phoenix
By Keith Olbricht, Daryl Manhart
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

_____

**D O W N I E**, Judge:

**¶1** Howard Stevenson appeals from the entry of summary judgment in favor of John and Barbara Harmon based on the "firefighter's rule." For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** According to the complaint, while on-duty as a Phoenix Police Department sergeant, Stevenson and another officer were "flagged down by a concerned citizen regarding an open gate and a menacing dog roaming the front yard" of the Harmons' home. The citizen had previously called the police department, which classified her call about an "aggressive" dog as a "Priority 2 call." The dog was a "large pit bull mixed breed." The citizen advised Stevenson that the dog had been "running into the street and causing a hazard to cars." She also stated that when she tried to approach the dog, "it started becoming aggressive and growling."

**¶3** Stevenson called animal control and positioned himself to monitor the dog "in case he became aggressive to people in the neighborhood and also to keep cars from hitting him on the chance he ran into the street." Before animal control arrived, the dog attacked Stevenson. Stevenson drew his service weapon to shoot the dog, but he fell to the ground and hit his head. Stevenson sued the Harmons for his resulting injuries.

**¶4** The Harmons moved for summary judgment based on the firefighter's rule. *See Espinoza v. Schulenburg*, 212 Ariz. 215 (2006). After briefing and oral argument, the superior court granted their motion. Stevenson timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶5**       We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion, and construing all reasonable inferences in that party's favor. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 482, ¶ 13 (2002). We will affirm the judgment if it is correct for any reason. *Link v. Pima Cty.*, 193 Ariz. 336, 340, ¶ 12 (App. 1998).

**¶6**       Although this Court had previously relied on the firefighter's rule, *see, e.g., Grable v. Varela*, 115 Ariz. 222, 223 (App. 1977); *Garcia v. City of S. Tucson*, 131 Ariz. 315, 318–19 (App. 1981), the Arizona Supreme Court did not adopt the doctrine until 2006. *See Espinoza*, 212 Ariz. at 218, ¶ 17. In doing so, the court described the rule as a limitation on tort liability created by the common law "rescue doctrine," which generally permits an injured person to recover damages from an individual "whose negligence created the need for rescue." *Id.* at 217, ¶¶ 7, 9. Under the firefighter's rule, "[a] rescuer who could otherwise recover cannot do so if she is performing her duties as a professional firefighter." *Id.* at ¶ 11. The firefighter's rule has since been extended to police officers. *See White v. State*, 220 Ariz. 42, 45–46, ¶ 8 (App. 2008).[1]

**¶7**       We construe the firefighter's rule narrowly. *Espinoza*, 212 Ariz. at 218, ¶ 17. The rule does not apply in certain circumstances:

> First, when the "independent negligence" of a third party causes the public safety professional's injury, the rule is inapplicable. Second, non-emergency situations do not trigger application of the rule. And third, the rule is inapplicable to off-duty public safety professionals who voluntarily respond to an emergency.

*Read v. Keyfauver*, 233 Ariz. 32, 36, ¶ 11 (App. 2013).

---

[1]       We decline Stevenson's invitation to overrule well-established Arizona precedent extending the firefighter's rule to police officers. As noted in *White*, 220 Ariz. at 45, ¶ 8, our extension of the rule was consistent with the supreme court's observation in *Espinoza* that the rationale for the firefighter's rule "would seem to apply equally well to police officers." 212 Ariz. at 218 n.3, ¶ 17.

**¶8**          It is undisputed that Stevenson was injured while on duty, and he is not asserting independent negligence by a third party. The relevant focus, then, is on the "non-emergency" exception to the firefighter's rule.

**¶9**          We reject the Harmons' suggested dilution of this Court's jurisprudence establishing the firefighter's rule's inapplicability in non-emergency situations. *See Reed*, 233 Ariz. at 36, ¶ 11 ("[N]on-emergency situations do not trigger application of the rule."); *Orth v. Cole*, 191 Ariz. 291, 293, ¶ 10 (App. 1998) ("Because Plaintiff was injured in a non-emergency, non-rescue situation, traditional tort rules apply and the fireman's rule does not."). The Arizona Supreme Court at least implicitly endorsed this principle when it adopted the firefighter's rule, stating:

> This court has never addressed the firefighter's rule. The court of appeals, however, has applied the firefighter's rule in one case. *See Grable*, 115 Ariz. at 223, 564 P.2d at 912. *But it has also declined to apply the rule and limited it to emergency situations*, *see Orth*, 191 Ariz. at 293, ¶ 10, 955 P.2d at 49, and to the immediate negligence that causes the emergency, but not to subsequent acts, *see Garcia v. City of S. Tucson*, 131 Ariz. 315, 319, 640 P.2d 1117, 1121 (App. 1982).
>
> *These limitations comport with Arizona's policy of protecting its citizens' right to pursue tort claims.*

*Espinoza*, 212 Ariz. at 218, ¶¶ 15–16 (emphasis added).

**¶10**          The record supports the superior court's ultimate conclusion that, as a matter of law, Stevenson was injured in an emergency situation. The facts of this case bear no resemblance to *Orth* — a case where we concluded *no* emergency existed as a matter of law. Firefighter Orth was performing a "routine" inspection at an apartment complex. 191 Ariz. at 291, ¶ 1. He opened an electrical panel door to ascertain "whether the breakers were properly labelled so that emergency personnel or others would know which to use in a given situation." *Id.* at 292, ¶ 2. Due to an apparent malfunction in the electrical panel assembly, he was severely burned. *Id.* We held that Orth was not responding to "emergency conditions of a fire or some similar exigency;" as such, the situation did not trigger application of "exceptional rules of law such as the rescue doctrine and the firefighter's rule." *Id.* at 292–93, ¶¶ 6, 10.

¶11 Stevenson, in contrast, was not performing a routine inspection, scheduled project, or quasi-administrative duty. By his own description, he was called to deal with "a menacing dog" that "forcibly attacked and viciously caused [him] to be knocked to the ground in a violent manner." The situation was sufficiently dire that Stevenson drew his service weapon in an attempt to shoot the dog. Stevenson also asserted in his complaint that the circumstances he encountered that day posed a "substantial risk that [the dog] would cause serious injury." Indeed, he sought punitive damages based on the Harmons' alleged "conscious disregard for the value of human life."

¶12 Stevenson's own statements demonstrate the emergency nature of the situation. *Cf. Garvey v. Trew*, 64 Ariz. 342, 354 (1946) (Citing an accepted definition of "emergency" as "[a] sudden unexpected happening; an unforeseen occurrence or condition; specifically, a perplexing contingency or complication of circumstances; a sudden or unexpected occasion for action; exigency; pressing necessity."). His affidavit — offered in an attempt to defeat summary judgment — does not compel a contrary conclusion or create a genuine issue of material fact. While the affidavit attempts to downplay the situation Stevenson confronted, it does not contradict essential factual allegations made in the complaint regarding a menacing dog at large that posed a substantial risk of serious injury. And to the extent the affidavit conflicts with Stevenson's complaint, we disregard the contrary statements. "When a party by pleading . . . has agreed to a certain set of facts, he may not contradict them." *Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989). Nor do we consider the conclusory statements in the affidavit that the situation was not an emergency. *See Florez v. Sargeant*, 185 Ariz. 521, 526 (1996) ("[A]ffidavits that only set forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment."). Furthermore, the Harmons proffered uncontroverted evidence that the police department classified the concerned citizen's report as a "Priority 2" call, which the department defines as "urgent in nature, where a potential for violence may be present, a timely response is necessary and the incident is non-life threatening."[2]

---

[2] The police department also classifies motor vehicle accidents with injuries as Priority 2 calls. *Cf. Read*, 233 Ariz. at 34, ¶ 1 (applying firefighter's rule to police officer who witnessed car accident and helped driver exit the overturned vehicle, thereby injuring himself).

¶13 Stevenson acted laudably when, in the scope of his duties as a police officer, he attempted to protect the community from an aggressive, menacing dog on the loose. Unfortunately, he was injured in the process. Though the firefighter's rule can appear harsh in application, it is premised on the notion that "the losses suffered by [officers and] their loved ones should be borne by the public as a whole rather than the individuals whose conduct occasioned the need for the officers' involvement." *White*, 220 Ariz. at 48, ¶ 16. The rule "reflects a policy decision that the tort system is not the appropriate vehicle for compensating public safety employees for injuries sustained as a result of negligence that creates the very need for their employment." *Espinoza*, 212 Ariz. at 217, ¶ 11.

**CONCLUSION**

¶14 We affirm the judgment of the superior court. As the successful parties on appeal, the Harmons are entitled to recover their appellate costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-342(A).



Ruth A. Willingham · Clerk of the Court
F I L E D : AA